# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


### NO. 2-09-038-CR

JAMAL MAHJOUB                                                         APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

## FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted appellant, Jamal Mahjoub, of the misdemeanor offense of violating a protective order.[2] The trial court assessed punishment at ninety days' confinement in the Tarrant County jail. In a single point, Mahjoub contends that the trial court violated his constitutional right to confrontation by excluding a series of

---

[1]... *See* Tex. R. App. P. 47.4.

[2]... *See* Tex. Penal Code Ann. § 25.07 (Vernon Supp. 2009); Tex. Fam. Code Ann. § 85.001 (Vernon 2008).

e-mails between Mahjoub and his ex-wife, Lisa York, the complainant. We will affirm.

At trial, the State presented the testimony of both York and the ex-couple's son, both implicating Mahjoub in the offense. During cross-examination of York, Mahjoub's attorney attempted to introduce a series of e-mails allegedly exchanged between York and Mahjoub a few days prior to York having complained to the police about Mahjoub's alleged violation of an existing protective order. The State objected that the e-mails were not relevant and were hearsay. Mahjoub argued that they should be introduced "[b]ecause access and motive. The E-mail was written two days before." The trial court then held a hearing outside the jury's presence. At the hearing, the contents of the e-mails were introduced as an exhibit and read aloud for the record. Mahjoub never mentioned either the federal or State confrontation clauses. The trial court sustained the State's objections.

Mahjoub now contends that the trial court violated his constitutional right to confrontation under both the federal constitution and the Texas constitution by excluding the proffered e-mails. U.S. Const. amend. VI; Tex. Const. art. I, § 10. But Mahjoub failed to preserve an issue regarding confrontation for appellate review. *See* Tex. R. App. P. 33.1(a). To preserve an error for our review, a party must make a timely objection or request to the trial court, sufficiently stating the specific grounds for the requested ruling, unless apparent from the context, and obtain an adverse ruling. *See id.*; *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Moreover, the objection or request at trial must comport with the complaint

2

presented on appeal. *Wilson*, 71 S.W.3d at 349. Even constitutional errors may be forfeited by failure to object at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). When a party's argument for admitting evidence could refer to a confrontation clause complaint, the party must specifically articulate that the confrontation clause demands admission of the evidence to preserve error on this ground. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (holding that because a trial objection regarding the "credibility" of the proffered evidence could be in reference to either the rules of evidence or the confrontation clause, the objection was not sufficiently specific to preserve error for appellate review).

In this case, Mahjoub's argument at trial for proffering the e-mails could have encompassed either the rules of evidence regarding relevance or hearsay, or his purpose for proffering them could have encompassed the federal or State confrontation clauses. *See* Tex. R. Evid. 401, 404, 608(b); *see also Hurd v. State*, 725 S.W.2d 249, 252 (Tex. Crim. App. 1987) (reasoning that exposing a witness' motivation to testify against a defendant is a proper and important function of the constitutionally protected right of cross-examination). Mahjoub, however, did not inform the trial court that either confrontation clause demanded admission of the proffered testimony nor present any constitutional arguments. Indeed, both the State's and Mahjoub's attorneys discuss hearsay and relevancy regarding the proffered e-mails, but neither attorney ever mentions a confrontation-clause

complaint.  Therefore, Mahjoub failed to preserve any possible confrontation-clause complaint.  *See Reyna*, 168 S.W.3d at 179.

Accordingly, we overrule Mahjoub's sole point and affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 5, 2010